GUARANTY TRUST CO. OF NEW YORK v. SECOND AVE. R. CO. et al.

(Circuit Court, S. D. New York. September 16, 1908.)

COURTS (§ 500*)—JURISDICTION OF FEDERAL COURTS—SUIT RELATING TO PROPERTY IN CUSTODY OF RECEIVERS.

The fact that receivers appointed by a federal court for a street railroad system have been operating a leased line does not draw to that court jurisdiction of a suit to foreclose a mortgage on such line after the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receivers have elected to surrender the lease and have offered to return the property to the lessor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1407; Dec. Dig. § 500.*]

In Equity. On application for appointment of independent receiver.

Davies, Stone & Auerbach, for complainant.

Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge. Several weeks ago the receivers of the Metropolitan Street Railway Company completed an exhaustive investigation which showed that the operation of the Second Avenue Railroad under existing lease entailed a loss of over $200,000 yearly, and that nearly $800,000 would forthwith be required to put the road and equipment in thoroughly efficient condition. The owners of the road were notified of this condition of affairs, and the road would long ere this have been returned to them had it not been that negotiations were entered into with the object of ascertaining if some modified compensation could not be agreed to and some provision made for betterments which would enable receivers to continue operation in connection with the other lines of the Metropolitan System. This application for the appointment of an independent receiver indicates the termination of such negotiations. The mere circumstance (in the absence of diversity of citizenship) that the Second Avenue property has remained in the hands of Metropolitan receivers during the pendency of these negotiations should not be controlling as to the forum in which complainant may obtain relief, since receivers have offered to return the property and are ready to deliver to owners or owners' representatives at any time.

The petition is denied, without prejudice to its renewal in a state court.